By the Court, Cowen, J.
The questions in this case depend on nearly the same principles with those in the Canal Bank v. The Bank of Albany, (ante, p. 287;) but some additional considerations arise.
1. It is entirely clear that the plaintiff might, (supposing the tifie not to have passed by his endorsement and putting the certificate in the post office,).have maintained trover against the defendants, for a conversion of the certificate; and they having 'procured the money upon it, the plaintiff thereby became entitied to bring this action for money had and received, at his election. This doctrine is quite familiar, and Lamine v. Dorell, (2 Ld. Raym. 1216,) is in point.
*297 2. The merely putting of the letter in the post office, directed to H. B. Washburn & Co., though the certificate endorsed to them by the plaintiff was enclosed, did not pass any interest to them. They never received it; of course, never assented to the endorsement, and the transfer was therefore incomplete. The property of the certificate remained in the plaintiff. It was not mailed at the request, nor with the privity of Wash-burn & Co. The plaintiff retained the right to alter or strike out the, endorsement.
3. It is said the plaintiff cannot recover, by reason of laches on his part; and the objection was, in this case, taken at the trial. Laches is charged on the Livingston County Bank, which, it is said, could not recover against the defendants; and it is insisted that their laches are imputable to, or operate to the prejudice of, the plaintiff. But even admitting that the Livingston County Bank, in order to a recovery by them, were bound to have given earlier notice, it is not perceived that the plaintiff must therefore suffer. That he might have recovered his money of that bank, is no reason why he should not have an action against the. defendants. A man who tortiously takes a note from- the holder, which is made by A., and obtains the money of A., is none the less liable to an action at the suit of the holder, because A. may have paid under circumstances which would entitle him to defend against an action by the wrongful taker. It is not pretended, that the plaintiff has been personally guilty of laches. EBs note .was stolen on its way to New-York, and passed off by a forged endorsement, under circumstances which prevented any title passing, even to a bona fide purchaser of it. (Chit, on Bills, Am. ed. of 1839, p. 337, and note. Id. 258, and 260. 6 Esp. R. 57. 2 Burr. 1216.) He is in the same condition as if any chose in possession had been stolen from him and transferred to the defendant, who had converted it into money by sale to another. In such case, no one would doubt the plaintiff’s right to an action for money had and received, A recovery and satisfaction in this suit, will transfer the property in the certifícate to the defendants; • by operation of law; *298 and any injurious consequences to the latter, arising from supposed neglect in the Livingston Cotinty Bank, must be settled between the two banks. Beside, the defendants might, at any rate, if they had exerted the diligence which they now require of others, have had an immediate action" against Kempshall & Bush, their own endorsers.
But if notice were necessary, it is far from being clear that it was not given as speedily as could reasonably be required, under the circumstances.
New trial denied.